**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| TENTRR, INC., | Case No. 23-10000 (BLS) |
| Debtor[1]. | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

On January 2, 2023 (the "**Petition Date**"), Tentrr, Inc. (the "**Debtor**"), as debtor and debtor-in-possession, commenced the above captioned voluntary subchapter V, chapter 11 case (the "**Subchapter V Case**"), in the United States Bankruptcy Court in the District of Delaware (the "**Bankruptcy Court**"). The Debtor continues to operate its business and manage its property as debtor and debtor in possession, pursuant to section 1181 of the Bankruptcy Code.

The Debtor has filed its Schedule of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**") with the Bankruptcy Court. The Debtor, with the assistance of its advisors, prepared the Schedules and SOFA in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") with unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (these "**Global Notes**") are incorporated by reference in, and comprise an intricate part of, each of the Debtor's schedules, sub- Schedules, Statements, Statements' exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and SOFA. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules and SOFA in these Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtor.**

<u>**Reservation of Rights**</u>. While the Debtor's management and advisors have made reasonable efforts and conducted due diligence to ensure that its Schedules and SOFA are as accurate and complete as possible under the circumstances based on the information available at the time of

---

[1]    The last four digits of the Debtor's taxpayer identification number are 8843.

preparation, subsequent information or discovery may result in material changes to these Schedules and SOFA, and inadvertent errors, inaccuracies, or omissions may have occurred.

Because the Schedules and the SOFA contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and SOFA are complete. The Debtor reserves all rights to amend or supplement its Schedules and SOFA from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and SOFA with respect to a claim (as defined in section 101(5) of the Bankruptcy Code "**Claim**") description or designation; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and SOFA as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Nothing contained in the Schedules and SOFA shall constitute a waiver of any right of the Debtor or an admission with respect to the Subchapter V Case (including, but not limited to, issues involving Claims, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers").

The Debtor has made reasonable efforts to characterize, classify, categorize or designate the Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA correctly. However, the Debtor may have improperly characterized, classified, categorized or designated certain items. In addition, certain items reported in the Schedules and SOFA could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

The Debtor and its agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any losses or injury arising out of or caused in whole or in part by the acts, errors, or omissions in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. In no event will the Debtor or its agents, attorneys and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the allowance of a potential claim against the Debtor or damages to business reputations, lost business or lost profits), whether foreseeable or not, and however caused, as a result of the information in these Schedules and SOFA.

Anand Subramanian, the Chief Executive Officer of the Debtor, has signed the Schedules and SOFA. Mr. Subramanian is an authorized signatory for the Debtor. In reviewing and signing the Schedules and SOFA, Mr. Subramanian has necessarily relied upon the efforts, statements, and representations of various third parties involved in the Debtor's operations. Mr. Subramanian, has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

### Global Notes and Overview of Methodology

***Basis of Presentation.*** The Debtor's Schedules and SOFA do not purport to represent statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled to the financial statements of the Debtor. The Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment. The Schedules and SOFA reflect the Debtor's reasonable good faith efforts to report the assets and the liabilities of the Debtor.

Moreover, given, among other things, the uncertainty surrounding the valuation and nature of certain of the Debtor's assets and liabilities, the fact that the Debtor shows more assets than liabilities is not an admission that the Debtor was solvent on the Petition Date or at any time prior to the Petition Date. Likewise, nothing in the Schedules or SOFA is an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

### General Disclosure Applicable to Schedules and SOFA

***Recharacterization.*** The Debtor has made reasonable efforts to correctly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA. However, the Debtor nonetheless may have improperly characterized, classified, categorized or designated certain items. Thus, the Debtor reserves all rights to recharacterize, reclassify, recategorize or redesignate certain items reported in the Schedules and SOFA at a later time as is necessary or appropriate.

***Unliquidated Claim Amounts.*** Claim amounts that could not be readily quantified by the Debtor, or which are not yet fixed in amount, are scheduled as "unliquidated."

***Totals.*** All totals that are included in the Schedules and SOFA represent totals of all known and estimated amounts included in the Schedules and SOFA. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual totals may be materially different than the listed total. The description of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect upon the materiality of such amount. Due to unliquidated, contingent and/or disputed claims, it is possible that the summary statistics in the Schedules, SOFA and Global Notes may understate the Debtor's liabilities.

***Undetermined, to be Determined or Unknown Amounts.*** The description of an amount as "undetermined," "to be determined," or "unknown" is not intended to reflect upon the materiality of such amount. Certain amounts may be clarified during the course of the Subchapter V Case.

***Valuation.*** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets, for the Debtor to obtain current market valuations of all its assets. Unless otherwise indicated, the Schedules and the SOFA reflect the net book values as of the Petition Date. Many of the Debtor's tangible assets have been fully depreciated, and, therefore having book value of zero, even though they may have a higher fair market value. Amounts ultimately realized may vary from net book value, and such variance may be material.

***Pledged Assets***. Substantially all of the assets listed on Debtor's Schedule A/B have been pledged as collateral by the Debtor to secure certain obligations. Assets pledged as collateral are more fully described in the Motion of the Debtor for Interim and Final Orders: (i) Authorizing the Debtor to Obtain Postpetition Financing; (ii) Granting Security Interests and Superpriority Administrative Expense Status; (iii) Modifying the Automatic Stay; (iv) Authorizing Use of Cash Collateral; (V) Granting Adequate Protection; (vi) Scheduling a Final Hearing and (vii) Granting Related Relief [Docket No. 16].

***Leases and Executory Contracts***. Nothing herein or in the Schedules or SOFA shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or SOFA, including whether such leases: (i) constitute an executory contract within the meaning of section 365 of the Bankruptcy Code or other applicable law; (ii) have not expired or been terminated or otherwise are not currently in full force and effect, or (iii) are not true leases at all, and are instead secured financings, and the Debtor reserves all of its rights.

***Liabilities.*** Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time. In such cases, the amounts are listed as "unknown," "to be determined," or "undetermined." Accordingly, the total amount listed for some categories of liabilities in the Schedules and the SOFA may not be equal to the aggregate amount of the Debtor's total liabilities as noted on any financial statement issued prior to the Petition Date.

***First Day Orders***. The Bankruptcy Court has authorized (each, a "**First Day Order**") the Debtor to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, certain payments relating to the Debtor's employee wages and compensation, benefits, and reimbursable business expenses; goods and services ordered prepetition but received postpetition, insurance obligations, and critical parties' claims. Given that certain of these claims have been paid or are anticipated to be paid in accordance with the First Day Orders, such claims may not be listed in the Schedules, notwithstanding that such claims existed as of the Petition Date or may otherwise be listed as "unknown" or "to be determined".

The Debtor reserves its right to object to any listed claims on the ground that, among other things, such claims have already been satisfied pursuant to a First Day Order or otherwise satisfied during the pendency of the Subchapter V Case. The estimate of claims set forth in the Schedules may not reflect assertions by the Debtor's creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

***Liens.*** The inclusion on Schedule D of creditors is not an acknowledgment of the validity, extent, or priority of any liens, and the Debtor reserves its right to challenge such liens and the underlying claims on any grounds whatsoever. A careful review of the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and SOFA shall be deemed a modification or interpretation of the terms of such agreements or acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the court as not being disputed by the Debtor. It is not the Debtor's intent that the Schedules be construed to supersede any orders entered by the Bankruptcy Court.

*Insiders.* The Person listed as an "insiders" has been included for informational purposes only and does not constitute an admission that such individuals is an insider for purposes of the Bankruptcy Code or otherwise. The Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTOR'S SCHEDULES

*Summary of Assets and Liabilities for Non-Individuals.*

- **Part 1, 1c**. Total of all property includes an unused net operating loss ("**NOL**") with a book value of $20,612,204.00. The Debtor is unsure whether this NOL can be monetized, and if it can be monetized, the Debtor believes its value is considerably less than the stated book value. The total scheduled value of the Debtor's assets, without the NOL is $1,982,677.

*Schedule A/B Notes.*

- **General.** The Debtor's assets in Schedule A/B are listed at net book value as of the Petition Date, unless otherwise noted, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.

- **Schedule A/B, Part 3-Accounts Receivable, Item 11**. The Debtor's reported accounts receivable include amounts that may be uncollectible. Notwithstanding the foregoing, the Debtor has use reasonable efforts to deduct doubtful or uncollectible accounts.

- **Schedule A/B, Part 5 – Inventory, Excluding Agricultural Assets, Item 26.** The Debtor has recently commissioned a formal appraisal of certain of its assets. The Debtor has not yet received the final version of this valuation but expects to receive the final appraisal shortly.

- **Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles, Item 53.** The Debtor has recently commissioned a formal appraisal of certain of its assets. The Debtor has not yet received the final version of this valuation but expects to receive the final appraisal shortly.

- **Schedule A/B, Part 10 - Intangibles and Intellectual Property, Items 59 to 66**. The Debtor reports intellectual property assets at net book value based on the Debtor's books and records whenever applicable. The Debtor has not listed or assigned any value for its goodwill. As described in the *Declaration of Anand Subramanian in Support of Chapter 11 Petition and First Day Motions* (the "**Subramanian Declaration**") filed on January 4, 2023 [Docket No. 17], the Debtor maintains an electronic platform through which potential campers can book a stay at campsites listed thereon (the "**Platform**"). The Debtor list the value of the Platform (which it calls the "Tentrr Proprietary Marketplace" in its schedules)

as undetermined. As set forth in the Subramanian Declaration, the Platform is integral to the operations of the Debtor's business, and as such, the Platform has great value to the Debtor. From an accounting point of view, the Debtor's goodwill would be equal to the positive shareholder equity on the Petition Date. In reality, the Debtor has much greater value as a going concern, and therefore goodwill is a large part of the Debtor's enterprise value. The Debtor believes that in terms of tangible assets, it would cost more to dismantle the assets, then the assets are worth.

- **Schedule A/B. Part 11, All Other Assets. Item 72**. Although the Debtor includes $20,612,204 of net operating loss carry forwards in its assets, there is no guarantee that the full amount of the net operating losses can ever be utilized by the Debtor or monetized in some other way.

*Schedule D Notes.*

- Creditors' claims on Schedule D arose, or were incurred, on various dates. In certain instances, the date on which such claim arose may be an open issue of fact.

- Except as otherwise agreed in accordance with a stipulation and order entered by the Bankruptcy Court, the Debtor reserves its right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on the Schedule D purported to be granted to a secured creditor or perfected in any specific assets.

- Certain claims are listed on Schedule D as "unliquidated" because the value of the collateral securing such potential claims is unknown. Moreover, although the Debtor may have scheduled claims of various creditors and secured claims, the Debtor reserves all rights to dispute or challenge the secured nature of any creditors claim or the characterization of the structure of any transaction or any document or instrument related to such creditors claim.

- The descriptions provided on Schedule D, including the description of the underlying collateral, are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for complete description of the collateral in the nature, extent and priority of any liens. Nothing in these Global Notes or in the Schedule and SOFA shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

- For purposes of these Schedules, the Debtor has treated Farnam Street Financial, Inc. ("**Farnam**") as a lessor, and hence an unsecured creditor. This should not in any way be construed as an admission or dispositive as to the nature of the relationship between Farnam and the Debtor. The relationship between Farnam and the Debtor is characterized in the relevant documents as a lease, but the Debtor may seek to recharacterize it as a secured financing. Farnam filed a UCC covering the alleged lease. If it is a secured financing and not a lease, Farnam would have a lien on the equipment purchased with Farnam's money. The Debtor reserves all rights with respect to the characterization of its obligations to Farnam.

*Schedule E/F Notes.*

- The Debtor has made reasonable efforts to report all priority in general unsecured claims against the Debtor on Schedule E/F based on the Debtor's books and records as of the Petition Date. However, the actual value of claims against the Debtor may vary significantly from represented liabilities.

- Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditors allowed claims or in the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate the recoveries in this case will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financial information and data the Debtor believes to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout this Subchapter V Case.

- The claims listed on Schedule E/F arose or were incurred in various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed was incurred or arose, fixing that date for each claim in Schedule E/F would be unduly burdensome and cost prohibitive and, therefore, the Debtor has not listed a date for each claim listed on Schedule E/F.

- The Bankruptcy Court has authorized the Debtor to pay, in whole or in part, prepetition claims relating to the Debtor's employee wages and compensation, benefits, and reimbursable business expense. Accordingly, the Debtor's Schedule E/F only reflects those employees related claims due and owing as of the Petition Date for which the Debtor did not obtain relief from the Bankruptcy Court to satisfy in whole or in part.

- **Schedule E/F, Part 1, Item 3.45**. In the normal course of the Debtor's business, the Debtor offers gift cards for sale. Third parties can buy a gift card and present it as a gift to someone. All of the gift cards are bearer cards, and there is no way for the Debtor to determine the name or address of the creditor holding the gift card. Accordingly, the Debtor has recorded the entire liability for bearer gift cards on Schedule E/F under the name "Gift Cards". Although the liability is indicated, the Debtor is unable to indicate the name address of any creditors holding gift cards.

*Schedule G Notes.*

- The Debtor hereby reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or to supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that is necessarily a binding, valid, and enforceable contract. Any and all of the

Debtor's rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtor is continuing its review of all relevant documents and expressly reserves its right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Debtor's Schedule G may be amended at any time to add or remove, as the case may be, any omitted contract, agreement or lease.

- The contracts, agreements and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed there in or that may be listed as a single entry. The Debtor expressly reserves its rights to challenge whether such related materials constitutes an executory contract, a single contract or agreement, or multiple, severable, or separate contracts. The Debtor also reserves the right to challenge whether an executory contract listed in Schedule G, is in fact an executory contract at all or instead a secured financing.

- Certain of the leases and contracts listed on Schedule G may also be in the nature of conditional sales agreements or secured financing, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

### Statement of Financial Affairs

**Statement Question 7 - Legal Actions.** The Debtor has made reasonable best efforts to identify all current pending litigation involving the Debtor. The Debtor reserves all of its rights and defenses with respect to any and all lawsuits and administrative proceedings, irrespective of whether they were listed in response to Statement Question 7.

**Statement Question 9-Certain Gifts and Charitable Contributions.** The Debtor listed the value of product donations according to the base cost of such products.

| Debtor Name | **Tentrr, Inc.** |
|---|---|
| **United States Bankruptcy Court for the  District of Delaware** | |
| Case number (if known): | **23-10000** |

☐ Check if this is an amended filing

<u>Official Form 207</u>

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

**The debtor must answer every question.  If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:**     Income

### 1. Gross Revenue from business

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of Revenue | Gross Revenue (before deductions and exclusions) |
|---|---|---|---|---|---|
| 1.1 | From  Jan. 1, 2020 | To | Dec. 31, 2020 | ☑ Operating a business<br>☐ Other | $4,196,452.70 |
| 1.2 | From  Jan. 1, 2021 | To | Dec. 31, 2021 | ☑ Operating a business<br>☐ Other | $4,971,681.86 |
| 1.3 | From  Jan. 1, 2022 | To | Dec. 31, 2022 | ☑ Operating a business<br>☐ Other | $4,785,136.09 |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable.  Non-business income may include interest, dividends, money collected from lawsuits, and royalties.  List each source and the gross revenue for each separately.  Do not include revenue listed in line 1.

☒ None

| | Description of sources of revenue | Gross Revenue from (before deductions and exclusions) |
|---|---|---|

**Part 2:**     List Certain Transfers Made Before Filing for Bankruptcy

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments of transfers - including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575.  (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| See attached Exhibit SOFA3 | | | ☐ Secured Debt<br>☐ Unsecured Loan Payments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

---

**4. Payments or other transfers of property made within 1 year before filing  this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | Anand Subramanian<br>25 W 39th St, Ste 7007<br>New York, NY 10018 | See attached<br>Exhibit SOFA4 | | |

**Relationship to debtor**
CEO, Director, Beneficial Shareholder

---

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|

---

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

---

**Part 3:       Legal Actions or Assignments**

---

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

[X] None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|------------|----------------|-----------------------------------|----------------|
|            |                |                                   |                |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

[X] None

| Custodian's name and address | Description of the property | Value |
|------------------------------|----------------------------|-------|
|                              |                            |       |

**Part 4:**    **Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of gifts to that recipient is less than $1,000**

[ ] None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|------------------------------|-------------------------------------------|-------------|-------|
| 9.1 | GoFundMe<br>855 Jefferson Ave<br>Redwood City, CA 94063<br>**Recipient's relationship to debtor**<br>Employee Donation | Donation to funeral of Chelsea Farco's father | 01/04/21 | $5,050.00 |

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|------------------------------|-------------------------------------------|-------------|-------|
| 9.2 | GoFundMe<br>855 Jefferson Ave<br>Redwood City, CA 94063<br>**Recipient's relationship to debtor**<br>Employee Donation | Donation to funeral of David Delanoy's brother | 07/27/22 | $1,000.00 |

**Part 5:**    **Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

**X** None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106 A/B (Schedule A/B: Assets - Real and Personal Property). | | |

---

**Part 6:**      **Certain Payments of Transfers**

---

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | The Rosner Law Group LLC<br>824 N Market St, Ste 810<br>Wilmington, DE 19801<br>**Email or website address**<br>rosner@teamrosner.com<br>**Who made the payment, if not debtor?** | | 12/28/22 | $12,000.00 |

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2 | Mayerson & Hartheimer PLLC<br>845 3rd Ave, 11th Flr<br>New York, NY 10022 | | 10/26/22<br>11/17/22<br>12/19/22<br>12/27/22<br>12/28/22<br>12/30/22 | $ 7,500.00<br>$10,000.00<br>$ 6,500.00<br>$48,525.00<br>$50,000.00<br>$25,000.00 |
| | **Email or website address**<br>lawyers@mhlaw-ny.com<br>**Who made the payment, if not debtor?** | | | |

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.3 | Omni Agent Solutions<br>5955 De Soto Ave, Ste 100<br>Woodland Hills, CA 91367<br>**Email or website address**<br>www.omniagentsolutions.com<br>**Who made the payment, if not debtor?** | | 12/29/22 | $ 5,000.00 |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

[X] None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

[X] None

| Who received transfer? Address. | Description of property transferred or payments received or debts paid in exchange. | Date transfer was made | Total amount or value |
|---|---|---|---|

---

**Part 7:        Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

[ ] Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1 | 35 East Broadway, 4th Flr<br>New York, NY 10002 | Feb 2018 - Dec 2020 |

**Part 8:        Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

[✓] No   Go to Part 9.
[ ] Yes.  Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| | Location where patient records are maintained | How are records kept?<br>[ ] Electronically<br>[ ] Paper |

**Part 9:        Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No

☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?

    ☐ No

    ☐ Yes.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No  Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

    ☑ No. Go to Part 10.

    ☐ Yes. Fill in below:

| Name of plan | Employer identification number of plan EIN: |
|---|---|
| _____ | |

    Has the plan been terminated?

    ☐ No

    ☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | ☐ Checking | | |
| | | ☐ Savings | | |
| | | ☐ Money Market | | |
| | | ☐ Brokerage | | |
| | | ☐ Other | | |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and | Names of anyone with access to it. | Description of contents | Does debtor |
|---|---|---|---|

Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

| address | Address | | still have it? |
|---------|---------|---|----------------|
| | | | ☐ No |
| | | | ☐ Yes |

---

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---------------------------|--------------------------------------------|-------------------------|----------------------------|
| 20.1 9831 State Highway 23 Oneonta, NY 13820 | James Hanley 25 W 39th St New York, NY 10018 | Campsite Equipment | ☐ No ☑ Yes |

---

| Facility name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---------------------------|--------------------------------------------|-------------------------|----------------------------|
| 20.2 434 E 165th St Bronx, NY 10456 | James Hanley 25 W 39th St New York, NY 10018 | Campsite Equipment | ☐ No ☑ Yes |

---

| Facility name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---------------------------|--------------------------------------------|-------------------------|----------------------------|
| 20.3 85 N 395 W Highway 89 Garden City, UT 84028 | James Hanley 25 W 39th St New York, NY 10018 | Campsite Equipment | ☐ No ☑ Yes |

---

| Facility name and address | Names of anyone with access to it. Address | Description of contents | Does debtor still have it? |
|---------------------------|--------------------------------------------|-------------------------|----------------------------|
| 20.4 550 N 2500 W Vernal, UT 84078 | James Hanley 25 W 39th St New York, NY 10018 | Campsite Equipment | ☐ No ☑ Yes |

---

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |
| --- | --- |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

[X] None

| Owner's name and address | Location of the property | Description of the property | Value |
| --- | --- | --- | --- |

| **Part 12:** | **Details About Environmental Information** |
| --- | --- |

For the purpose of Part 12, the following definitions apply:
 - Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium)
 - Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
 - Hazardous material means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

[✓] No
[ ] Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
| --- | --- | --- | --- |
| | | | [ ] Pending |
| | | | [ ] On appeal |
| Case number | | | [ ] Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

[✓] No
[ ] Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:**  **Details About the Debtor's Business or Connections to Any Business**

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name and address | Describe the nature of the business | Employer identification number. Dates business existed |
|---|---|---|

---

**26. Books, records, and financial statements**
**26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.**

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1 | Johnny Chau<br>25 W 39th St, Ste 7007<br>New York, NY 10018 | 06/01/17 - Present |
| 26a.2 | Aaron Feldon<br>25 W 39th St, Ste 7007<br>New York, NY 10018 | 07/01/20 - Present |

---

**26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.**

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26b.1 | Gutterson & Cohen Tax Specialists LLC<br>445 Broadhollow Rd, Ste 230<br>Melville, NY 11747 | 01/01/18 to Present |

---

**26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.**

☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

**26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.**

☐ None

**Name and address**

26d.1  Decathlon Alpha IV, L.P.
1441 West Ute Blvd
Park City, UT 84098

26d.2  Various Venture Capital
Investors

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Name and address of the person who has possession of inventory records | | |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | Anand Subramanian | 25 W 39th St, Ste 7007 New York, NY 10018 | Chief Executive Officer | 0.85% |
| 28.2 | Blake Lafayette | 25 W 39th St, Ste 7007 New York, NY 10018 | Board Member | |
| 28.3 | Chip Meakem | 25 W 39th St, Ste 7007 New York, NY 10018 | Board Member | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing this value |
|---|---|---|---|
| See SOFA 4 | | | |

**Relationship to debtor**

---

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes.  Identify below.

| **Name of the parent corporation** | **Employer identification number of the parent corporation** |
|---|---|

---

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes.  Identify below.

| **Name of the pension fund** | **Employer identification number of the pension fund** |
|---|---|

---

| Part 14: | Signature and Declaration |
|---|---|

**WARNING**    Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on.    3/3/2023
                MM / DD / YYYY

/s/ Anand Subramanian                                        Printed name    Anand Subramanian
Signature of individual signing on behalf of the debtor

Position or relationship to the debtor    Chief Executive Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy*  (Official Form 207) attached?**

☑ No

☐ Yes

# STATEMENT OF FINANCIAL AFFAIRS

EXHIBIT
PART 2, QUESTION 3

CERTAIN PAYMENTS OR TRANSFERS TO CREDITORS
WITHIN 90 DAYS BEFORE FILING THIS CASE

**Tentrr, Inc.**
**Case No. 23-10000**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's Name | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| Amazon Web Services | 10/02/2022 | $4,856.09 | Paid by Credit Card |
| Amazon Web Services | 11/03/2022 | $4,236.45 | Paid by Credit Card |
| Amazon Web Services | 12/02/2022 | $2,548.24 | Paid by Credit Card |
| **Amazon Web Services Total** | | **$11,640.78** | |
| Brex Inc | 10/25/2022 | $64,147.44 | Credit Card Processing Payment |
| Brex Inc | 11/25/2022 | $53,619.55 | Credit Card Processing Payment |
| Brex Inc | 12/27/2022 | $1,409.84 | Credit Card Processing Payment |
| Brex Inc | 12/27/2022 | $43,433.89 | Credit Card Processing Payment |
| **Brex Inc Total** | | **$162,610.72** | |
| Chris Yoho | 10/13/2022 | $1,942.80 | Logistics Contractors |
| Chris Yoho | 10/27/2022 | $1,653.12 | Logistics Contractors |
| Chris Yoho | 11/9/2022 | $1,950.48 | Logistics Contractors |
| Chris Yoho | 11/23/2022 | $1,940.88 | Logistics Contractors |
| Chris Yoho | 12/8/2022 | $1,256.40 | Logistics Contractors |
| Chris Yoho | 12/21/2022 | $1,993.20 | Logistics Contractors |
| Chris Yoho | 12/30/2022 | $2,024.88 | Logistics Contractors |
| **Chris Yoho Total** | | **$12,761.76** | |
| Decathlon | 10/17/2022 | $17,847.27 | Loan Repayment |
| Decathlon | 11/25/2022 | $21,645.85 | Loan Repayment |
| **Decathlon Total** | | **$39,493.12** | |
| Demetrio Daga | 10/11/2022 | $2,190.75 | Sales Contractors |
| Demetrio Daga | 10/11/2022 | $2,197.00 | Sales Contractors |
| Demetrio Daga | 10/13/2022 | $2,219.25 | Sales Contractors |
| Demetrio Daga | 10/27/2022 | $2,194.25 | Sales Contractors |
| Demetrio Daga | 10/31/2022 | $450.00 | Sales Contractors |
| **Demetrio Daga Total** | | **$9,251.25** | |
| Facebook Ads | 10/07/2022 | $3,191.01 | Paid by Credit Card |
| Facebook Ads | 10/10/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 10/13/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 10/17/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 10/22/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 10/26/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 11/05/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 11/10/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 11/14/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 11/19/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 11/23/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 11/27/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 11/30/2022 | $810.54 | Paid by Credit Card |
| Facebook Ads | 12/03/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 12/06/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 12/09/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 12/12/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 12/15/2022 | $896.03 | Paid by Credit Card |
| Facebook Ads | 12/18/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 12/21/2022 | $900.00 | Paid by Credit Card |
| Facebook Ads | 12/24/2022 | $900.00 | Paid by Credit Card |

**Tentrr, Inc.**
**Case No. 23-10000**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's Name | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| **Facebook Ads Total** | | **$21,097.58** | |
| Freightwise | 10/3/2022 | $2,674.81 | Shipping |
| Freightwise | 10/11/2022 | $5,426.86 | Shipping |
| Freightwise | 10/17/2022 | $5,157.29 | Shipping |
| Freightwise | 10/31/2022 | $2,813.34 | Shipping |
| Freightwise | 10/31/2022 | $3,725.00 | Shipping |
| Freightwise | 11/7/2022 | $2,954.33 | Shipping |
| Freightwise | 11/28/2022 | $1,689.87 | Shipping |
| Freightwise | 11/28/2022 | $7,715.86 | Shipping |
| **Freightwise Total** | | **$32,157.36** | |
| Google Ads | 10/28/2022 | $3,094.67 | Paid by Credit Card |
| Google Ads | 11/01/2022 | $1,453.12 | Paid by Credit Card |
| Google Ads | 12/01/2022 | $562.99 | Paid by Credit Card |
| Google Ads | 12/01/2022 | $857.85 | Paid by Credit Card |
| Google Ads | 12/02/2022 | $1,674.06 | Paid by Credit Card |
| **Google Ads Total** | | **$7,642.69** | |
| Guesty | 10/02/2022 | $651.07 | Paid by Credit Card |
| Guesty | 10/09/2022 | $1,809.50 | Paid by Credit Card |
| Guesty | 10/16/2022 | $5,251.05 | Paid by Credit Card |
| Guesty | 10/23/2022 | $1,310.86 | Paid by Credit Card |
| Guesty | 10/30/2022 | $660.88 | Paid by Credit Card |
| Guesty | 11/03/2022 | $604.26 | Paid by Credit Card |
| Guesty | 11/09/2022 | $3,555.86 | Paid by Credit Card |
| Guesty | 11/16/2022 | $336.43 | Paid by Credit Card |
| Guesty | 11/23/2022 | $199.25 | Paid by Credit Card |
| Guesty | 11/30/2022 | $239.53 | Paid by Credit Card |
| Guesty | 12/11/2022 | $639.10 | Paid by Credit Card |
| Guesty | 12/15/2022 | $95.81 | Paid by Credit Card |
| Guesty | 12/22/2022 | $33.76 | Paid by Credit Card |
| Guesty | 12/31/2022 | $118.68 | Paid by Credit Card |
| **Guesty Total** | | **$15,506.04** | |
| Hire Llama | 10/31/2022 | $19,910.00 | Professional Fees |
| **Hire Llama Total** | | **$19,910.00** | |
| Hire Llama, Inc | 12/13/2022 | $13,255.00 | Professional Fees |
| **Hire Llama, Inc Total** | | **$13,255.00** | |
| Intuit | 10/3/2022 | $102.25 | Payment Processing Fees |
| Intuit | 10/3/2022 | $145.25 | Payment Processing Fees |
| Intuit | 10/4/2022 | $159.75 | Payment Processing Fees |
| Intuit | 10/12/2022 | $15.00 | Payment Processing Fees |
| Intuit | 10/17/2022 | $227.75 | Payment Processing Fees |
| Intuit | 10/17/2022 | $595.50 | Payment Processing Fees |
| Intuit | 10/18/2022 | $116.50 | Payment Processing Fees |
| Intuit | 10/19/2022 | $10.00 | Payment Processing Fees |
| Intuit | 10/21/2022 | $52.15 | Payment Processing Fees |
| Intuit | 10/21/2022 | $631.48 | Payment Processing Fees |
| Intuit | 10/24/2022 | $10.00 | Payment Processing Fees |
| Intuit | 10/24/2022 | $51.25 | Payment Processing Fees |

**Tentrr, Inc.**
**Case No. 23-10000**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's Name | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| Intuit | 10/24/2022 | $561.50 | Payment Processing Fees |
| Intuit | 10/27/2022 | $145.25 | Payment Processing Fees |
| Intuit | 10/28/2022 | $344.25 | Payment Processing Fees |
| Intuit | 10/31/2022 | $102.47 | Payment Processing Fees |
| Intuit | 10/31/2022 | $145.25 | Payment Processing Fees |
| Intuit | 11/2/2022 | $68.50 | Payment Processing Fees |
| Intuit | 11/4/2022 | $10.00 | Payment Processing Fees |
| Intuit | 11/7/2022 | $174.25 | Payment Processing Fees |
| Intuit | 11/8/2022 | $10.00 | Payment Processing Fees |
| Intuit | 11/9/2022 | $174.25 | Payment Processing Fees |
| Intuit | 11/10/2022 | $145.25 | Payment Processing Fees |
| Intuit | 11/14/2022 | $174.25 | Payment Processing Fees |
| Intuit | 11/14/2022 | $188.75 | Payment Processing Fees |
| Intuit | 11/14/2022 | $499.00 | Payment Processing Fees |
| Intuit | 11/14/2022 | $1,160.05 | Payment Processing Fees |
| Intuit | 11/15/2022 | $391.75 | Payment Processing Fees |
| Intuit | 11/16/2022 | $213.50 | Payment Processing Fees |
| Intuit | 11/17/2022 | $72.75 | Payment Processing Fees |
| Intuit | 11/18/2022 | $10.00 | Payment Processing Fees |
| Intuit | 11/21/2022 | $185.13 | Payment Processing Fees |
| Intuit | 11/21/2022 | $230.82 | Payment Processing Fees |
| Intuit | 11/22/2022 | $22.00 | Payment Processing Fees |
| Intuit | 11/23/2022 | $124.00 | Payment Processing Fees |
| Intuit | 11/25/2022 | $0.14 | Payment Processing Fees |
| Intuit | 11/25/2022 | $10.00 | Payment Processing Fees |
| Intuit | 11/28/2022 | $384.76 | Payment Processing Fees |
| Intuit | 11/28/2022 | $740.73 | Payment Processing Fees |
| Intuit | 11/29/2022 | $18.74 | Payment Processing Fees |
| **Intuit Total** | | **$8,424.22** | |
| IPFS | 10/19/2022 | $11,912.94 | Insurance |
| **IPFS Total** | | **$11,912.94** | |
| IPFS Corporation | 12/29/2022 | $12,528.59 | Insurance |
| **IPFS Corporation Total** | | **$12,528.59** | |
| Jay Sears | 10/12/2022 | $10,000.00 | Professional Fees |
| **Jay Sears Total** | | **$10,000.00** | |
| JND | 10/3/2022 | $4,000.00 | Installers |
| JND | 11/1/2022 | $1,200.00 | Installers |
| JND | 11/21/2022 | $1,100.00 | Installers |
| JND | 11/25/2022 | $1,500.00 | Installers |
| **JND Total** | | **$7,800.00** | |
| Johnny Chau | 10/5/2022 | $8,500.00 | Professional Fees |
| Johnny Chau | 11/3/2022 | $6,800.00 | Professional Fees |
| Johnny Chau | 12/8/2022 | $6,800.00 | Professional Fees |
| Johnny Chau | 12/28/2022 | $4.84 | Professional Fees |
| Johnny Chau | 12/30/2022 | $6,800.00 | Professional Fees |
| **Johnny Chau Total** | | **$28,904.84** | |
| Klaviyo | 10/18/2022 | $2,629.34 | Paid by Credit Card |

**Tentrr, Inc.**
**Case No. 23-10000**
**SOFA 3. Certain payments or transfers to creditors within 90 days before filing this case**

| Creditor's Name | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| Klaviyo | 11/19/2022 | $2,629.34 | Paid by Credit Card |
| Klaviyo | 12/19/2022 | $2,629.34 | Paid by Credit Card |
| **Klaviyo Total** | | **$7,888.02** | |
| Mayerson and Hartheimer | 10/28/2022 | $7,500.00 | Legal Fees |
| Mayerson and Hartheimer | 11/17/2022 | $10,000.00 | Legal Fees |
| Mayerson and Hartheimer | 12/19/2022 | $6,500.00 | Legal Fees |
| Mayerson and Hartheimer PLLC | 12/28/2022 | $50,000.00 | Paid by Credit Card |
| Mayerson and Hartheimer | 12/30/2022 | $25,000.00 | Legal Fees |
| **Mayerson and Hartheimer PLLC Total** | | **$99,000.00** | |
| Stripe | 10/21/2022 | $20,000.00 | Transfer To Stripe Account |
| Stripe | 12/5/2022 | $2,000.00 | Funds Sent To Stripe For Ck Payouts |
| **Stripe Total** | | **$22,000.00** | |
| Sutton Ventures (Aaron Feldman) | 12/6/2022 | $7,921.88 | Professional Fees |
| Sutton Ventures (Aaron Feldman) | 12/30/2022 | $2,500.00 | Professional Fees |
| **Sutton Ventures (Aaron Feldman) Total** | | **$10,421.88** | |
| SVB | 10/11/2022 | $157,300.00 | Transfer To Payroll Account |
| SVB | 10/25/2022 | $10,700.00 | Transfer To Payroll Account |
| SVB | 10/26/2022 | $50.00 | Transfer To Payroll Account |
| SVB | 10/28/2022 | $10,680.00 | Transfer To Payroll Account |
| SVB | 10/28/2022 | $145,530.00 | Transfer To Payroll Account |
| SVB | 11/8/2022 | $1,600.00 | Transfer To Payroll Account |
| SVB | 11/8/2022 | $48,500.00 | Transfer To Payroll Account |
| SVB | 11/10/2022 | $11,330.00 | Transfer To Payroll Account |
| SVB | 11/10/2022 | $119,100.00 | Transfer To Payroll Account |
| SVB | 11/14/2022 | $5,670.00 | Transfer To Payroll Account |
| SVB | 11/15/2022 | $500.00 | Transfer To Payroll Account |
| SVB | 11/16/2022 | $1,200.00 | Transfer To Payroll Account |
| SVB | 11/16/2022 | $1,300.00 | Transfer To Payroll Account |
| SVB | 11/21/2022 | $10,500.00 | Transfer To Payroll Account |
| SVB | 11/25/2022 | $79,000.00 | Transfer To Payroll Account |
| SVB | 11/28/2022 | $50.00 | Transfer To Payroll Account |
| SVB | 11/30/2022 | $200.00 | Transfer To Payroll Account |
| **SVB Total** | | **$603,210.00** | |
| The Rosner Law Group LLC | 12/28/2022 | $12,000.00 | Bankruptcy Expense |
| **The Rosner Law Group LLC Total** | | **$12,000.00** | |
| **Grand Total** | | **$1,179,416.79** | |

# STATEMENT OF FINANCIAL AFFAIRS

## EXHIBIT
## PART 2, QUESTION 4

### PAYMENTS OR OTHER TRANSFERS OF PROPERTY MADE WITHIN 1 YEAR BEFORE FILING THIS CASE THAT BENEFITTED ANY INSIDER

**Tentrr, Inc.**
**Case No. 23-10000**
**SOFA 4. Payments or other transfers of property made within 1 year before filing this case that benefited**

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| Anand Subramanian<br>25 W 39th St, Ste 7007<br>New York, NY 10018 | 1/15/2022 | $16,666.67 | Payroll |
| | 1/31/2022 | $16,666.67 | Payroll |
| | 2/15/2022 | $16,666.67 | Payroll |
| | 2/28/2022 | $16,666.67 | Payroll |
| | 3/15/2022 | $16,666.67 | Payroll |
| | 3/31/2022 | $16,666.67 | Payroll |
| | 4/15/2022 | $16,666.67 | Payroll |
| | 4/30/2022 | $16,666.67 | Payroll |
| | 5/15/2022 | $16,666.67 | Payroll |
| | 5/31/2022 | $16,666.67 | Payroll |
| | 6/15/2022 | $16,666.67 | Payroll |
| | 6/30/2022 | $16,666.67 | Payroll |
| | 7/15/2022 | $16,666.67 | Payroll |
| | 7/31/2022 | $16,666.67 | Payroll |
| | 8/15/2022 | $16,666.67 | Payroll |
| | 8/31/2022 | $16,666.67 | Payroll |
| | 9/15/2022 | $16,666.67 | Payroll |
| | 9/30/2022 | $16,666.67 | Payroll |
| | 10/15/2022 | $16,666.67 | Payroll |
| | 10/31/2022 | $16,666.67 | Payroll |
| | 11/15/2022 | $16,666.67 | Payroll |
| | 12/15/2022 | $16,666.67 | Payroll |
| | 12/31/2022 | $16,666.67 | Payroll |
| | 1/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 1/31/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 2/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 2/28/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 3/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 3/31/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 4/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 4/30/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 5/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 5/31/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 6/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 6/30/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 7/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 7/31/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 8/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 8/31/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 9/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 9/30/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 10/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 10/31/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 11/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 11/30/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 12/15/2022 | $643.08 | Draw for Benefits paid to TriNet |
| | 12/31/2022 | $643.08 | Draw for Benefits paid to TriNet |
| **Grand Total** | | **$398,767.33** | |